(No. 26605.— )

THE PEOPLE *ex rel.* Patrick B. Prescott, Jr., Petitioner, *vs.* EDWARD S. SCHEFFLER, Chief Justice of the Municipal Court of Chicago, *et al.,* Respondents.

*Opinion filed November 17, 1942.*

WILSON, J., dissenting.

WERNER W. SCHROEDER and PATRICK B. PRESCOTT, JR., (EUCLID LOUIS TAYLOR, ARCHIBALD J. CAREY, JR., A. MORRIS BURROUGHS, JAMES SIMPSON, JR., and C. FRANCIS STRADFORD, of counsel,) for petitioner.

JOSEPH B. FLEMING, and BARNET HODES, Corporation Counsel, (JOSEPH H. PLECK, and EDWARD C. CALDWELL, of counsel,) for respondents.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an original petition for *mandamus* filed by leave of this court. The petition was filed by the People of the State of Illinois on relation of Patrick B. Prescott, Jr., as relator. The respondents named in the petition are Edward S. Scheffler, Chief Justice of the municipal court of Chicago; Joseph L. Gill, clerk of said court; Albert J. Horan, chief bailiff of said court; R. B. Upham, comptroller of

the city of Chicago; Thomas S. Gordon, treasurer of said city; and the city of Chicago. The respondents filed a joint answer to the petition, to which the relator demurred.

The pleadings disclose that the respondent Edward S. Scheffler, was elected an associate judge of the municipal court of Chicago in November, 1936, for a term of six years, which term would expire on December 7, 1942. John J. Sonsteby had been elected chief justice of that court for a similar term but died while in office, and on April 25, 1941, the associate judges selected Scheffler as acting chief justice. He assumed the duties of that office and acted as chief justice thereafter. In September, 1941, he was nominated for, and on November 4, 1941, he was elected to, the office of chief justice of the municipal court. By an instrument bearing date of November 5, 1941, he addressed Dwight H. Green, Governor of Illinois, as follows: "I hereby tender my resignation as Associate Judge of the Municipal Court of Chicago, to be accepted as of this date." This resignation was mailed to the Governor by registered mail and the return receipt shows that it was received on November 22, 1941, at the Governor's office in Springfield. Apparently it was not mailed on November 5, 1941. Scheffler took the oath of office as chief justice of the municipal court on November 10, 1941, and on November 18, 1941, Governor Green and the Secretary of State issued to Scheffler a commission as chief justice of the municipal court; and thereafter, Scheffler was certified to the payroll as chief justice as of November 5, 1941. Governor Green accepted the resignation of Scheffler as associate judge on December 10, 1941, at which time he appointed Patrick B. Prescott, Jr., associate judge to fill the unexpired term of Scheffler. On December 11, 1941, Prescott took the oath of office and received his commission, which commission stated that the vacancy occurred on December 10, 1941. He presented his commission to Justice Scheffler and asked to be certified to the payroll and assigned his duties. Scheffler refused to recognize the

commission because he considered it null and void on the grounds that more than a year remained of the term for which he had been elected as an associate judge, and therefore, the Governor had no power to make an appointment.

The relator contends that where a single claimant holds *prima facie* title to an office, the court will not try his right to the office by an action in *mandamus;* that Governor Green had power to appoint Prescott because the resignation of Scheffler had not become effective until it was accepted by the Governor; that it was not the province of the respondent Scheffler to pass upon the rights of Prescott to the office without doing so by the proper action of *quo warranto.*

· The respondents claim that the appointment of the relator and the commission issued him are null and void, and no writ of *mandamus* may be predicated thereon.

The important question presented by the pleadings is not whether Governor Dwight H. Green made a mistake in judgment, but whether the respondents had the right to determine for themselves whether or not a commission from the Governor, regular and valid on its face, was void and of no effect whatever.

In justifying their refusal to recognize relator as an associate judge of the municipal court, the respondents rely largely on the case of *People ex rel. Ewing* v. *Forquer,* Breese, 104. In that case the General Assembly created an office in 1821, and in 1825, while the Governor was absent from the State, the Lt. Governor, as acting Governor, attempted to appoint the relator to that office and issued him a commission. The Secretary of State refused to sign the commission or to affix the State Seal thereto. *Mandamus* was brought to compel the Secretary to sign and seal the commission. The Supreme Court denied the writ. In the opinion, among other grounds for the decision, it was held that the Secretary of State was a constitutional officer as well as the Governor, and that his power to sign the commission involved the use of discretion on

his part and *mandamus* would not lie to compel him to perform a discretionary act. We know of no authority which gives respondents any power to arbitrarily or individually pass upon or negative a commission regularly issued by the Governor of Illinois, valid on its face.

In the case of *People ex rel. Cummings* v. *Head*, 25 Ill. 287, (orig. ed. p. 325,) the relator was elected clerk of the circuit court and received a certificate of his election to that office, received a commission from the Governor, took his oath of office, gave bond and filed the same. He made demand upon Head, the former circuit clerk, for the books, papers, files and records of the office, but Head refused to give him the same on the ground that he had been illegally elected that, in fact, Head had been elected. Head, in his answer, set out that he had appealed to the circuit court from the decision of the justices of the peace who had heard the contest and that this appeal was pending at the time. He also alleged that at least 200 votes had been counted illegally. The court granted a writ of *mandamus* in this case and stated that upon receiving the certificate of election, and the commission, taking the oath and giving the bond, the relator was as much entitled to the office as he ever could be. The court further stated that there is no intimation in the law that such right shall be suspended during the pendency of an appeal or election contest, and that relator's right to the office must be held to be complete until superseded by another certificate issued to the competitor. The court, in that opinion, stated in addition that their decision would not in any way affect the contest now going on under the election. In that case the court referred with approval to the case of *People ex rel. Brewster* v. *Kilduff*, 15 Ill. 492, which involved the election of city officials in the city of Peru. The court there stated that the general rule is "that *mandamus* is not the proper remedy to try the title to an office, but the rule has its exceptions. Tapping on Mandamus, 26, 27." The court

further stated that a mere colorable title, set up under a void election, will not afford a ground for denying a writ; and that, in the case considered a groundless assumption of an election by the defendant and a pretended exercise of the office by him would not be grounds for denying the writ merely because the defendant alleges that the title to the office is involved. The court further stated "A *quo warranto* is the proper writ to try the question of title to the office," but in that case *mandamus* was not asked for that purpose but was merely asked to require the delivery of the seal and the insignia of the office.

In the briefs of respondents in the instant case, it is asserted that Scheffler became chief justice of the municipal court on November 4, 1941, at the moment when a majority of the voters had cast their ballots for him at the election. Others might contend that he became chief justice on November 10, 1941, when he took his oath of office, or on November 18, 1941, when his commission was issued to him by the Governor. Relator contends that, when Scheffler executed and mailed his formal written resignation to the Governor, his term did not expire until such resignation was accepted on December 10, 1941.

This court stated in an opinion filed at this same term, in *People ex rel. Jonas v. Schlaeger, ante,* p. 146, quoting from the *Cummings case, supra,* the following: "Who shall say without law that the party who possesses all the evidence of election and qualification which he can ever have, all that the law has authorized to be given in any case, is not entitled to and shall not enjoy the office?"

In the present case the relator shows title to his office by reason of a commission signed by the Governor and countersigned by the Secretary of State. He at least has evidence of title to that office. We said further in the *Jonas case* "The question they [the respondents] raised and assumed to decide could only be determined in an appropriate proceeding in *quo warranto*. This power was not

vested in, nor could it be exercised by, any individual or official. Neither can that question be determined by this court in this *mandamus* proceeding." Citing *People ex rel. Iddings* v. *Dreher,* 302 Ill. 50, and other cases.

We adopt and are in accord with the further discussion and with the principle of law adopted in the opinion filed in the *Jonas case,* as far as they apply to the situation in this case. The acts of the respondents complained of were without warrant or lawful authority. The relator is entitled to the office to which he was appointed, unless and until he is ousted in an appropriate proceeding in *quo warranto.* The writ of *mandamus* is awarded as prayed for in the petition. *Writ awarded.*

Mr. JUSTICE WILSON. dissenting.